UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00259-RJC
(CRIMINAL CASE NO. 3:18-cr-00117-RJC-DCK-1)

| | |
|---|---|
| **RASHAWN DONNELL WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.  BACKGROUND

On March 21, 2018, Petitioner Rashawn Donnell Williams ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to murder a federal employee in violation of 18 U.S.C. § 1114 (Count One); one count of attempted murder of a federal employee in violation of 18 U.S.C. §§ 1114 and 2 (Count Two); one count of aiding and abetting the discharge of a firearm in furtherance of a crime of violence, that is, attempted murder of a federal employee charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three); and (4) one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CR Doc. 1].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00259-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00117-RJC-DCK-1.

to Counts Two and Three and the Government agreed to dismiss Counts One and Four of the Indictment. [CR Doc. 39: Plea Agreement]. The parties also agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) to "make the binding recommendation to the Court that the [Petitioner] be sentenced to a term of **30 years imprisonment**." [Id. at ¶ 7 (emphasis in original)]. On November 14, 2018, Petitioner pled guilty in accordance with the plea agreement and admitted to being guilty of the charges to which he pleaded guilty. [See CR Doc. 41: Acceptance and Entry of Guilty Plea; id. at ¶ 22]. At the plea hearing, the Government noted that the plea agreement was offered pursuant to Rule 11(c)(1)(C) and that, "if the Court accepts the plea agreement, the Court may not impose a greater sentence than that agreed by the parties in this plea agreement." [CR Doc. 91 at 7: Plea Hearing Tr.].

Petitioner was sentenced on December 11, 2019. Before sentencing, Petitioner's attorney filed a written objection to Petitioner's § 924(c) conviction, arguing under Johnson v. United States, 135 S.Ct. 2551 (2015), United States v. Davis, 139 S.Ct. 2319 (2019), and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), that attempted murder of a federal employee "also fails to satisfy the force clause because, like conspiracy, it does not 'invariably require the actual, attempted, or threatened use of force." [CR Doc. 70: Objections to PSR]. The Government moved for a downward departure from the applicable guidelines range pursuant to U.S.S.G. §5K1.1, requesting a total sentence of 28 years, rather than the 30-year sentence recommended in the plea agreement. [CR Doc. 66].

At sentencing, the Court overruled Petitioner's objection to the § 924(c) conviction, [CR Doc. 89 at 4: Sentencing Tr.], and agreed to be bound by the parties' recommended 30-year aggregate sentence under Rule 11(c)(1)(C), [id. at 3]. The Court also granted the Government's motion under §5K1.1. [Id. at 5]. The Court sentenced Petitioner to a term of imprisonment of 216

2

months on Count Two and a consecutive term of 120 months on Count Three for a total term of imprisonment of 336 months, or 28 years. [Id. at 13]. Judgment on Petitioner's conviction was entered on December 31, 2019. [CR Doc. 75: Judgment]. Petitioner appealed his conviction and sentence. [CR Doc. 79: Notice of Appeal]. Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Petitioner's § 924(c) conviction was supported by a valid predicate crime of violence. United States v. Williams, 834 Fed. App'x 6, at *6 (4th Cir. 2021). The Fourth Circuit affirmed Petitioner's § 924(c) conviction, reasoning as follows:

> Our recent ruling in United States v. Taylor, 979 F.3d 203 (4th Cir. 2020), forecloses a Davis challenge to [Petitioner's] § 924(c) conviction, which was predicated on attempted murder. Specifically, Taylor instructs that an attempt to commit a substantive crime that itself '*requires* the use of physical force' likewise 'necessarily involves the attempted use of force' and so, too, qualifies as a categorial crime of violence. 979 F.3d at 209. As we explained in Taylor, it is settled in this circuit that murder qualifies as a crime of violence under the force clause because it requires such a use of force. Id. (citations omitted). In light of these authorities, we reject [Petitioner's] argument that his § 924(c) conviction is invalid under Davis.

Williams, 834 Fed. App'x 6, at *6.

On June 1, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner claims he received ineffective assistance of counsel because his attorney – allegedly – failed to "move to vacate [Petitioner's] § 924(c) nor argue its vacatur under Davis prior to nor during sentencing." [Id. at 4]. Petitioner does not specify what relief he seeks in this action. [See id. at 13].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

3

proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence, … or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Here, Petitioner contends he received ineffective assistance of counsel because his attorney failed to move to vacate his § 924(c) conviction under Davis because attempted murder of a federal employee is not a crime of violence.

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In Davis, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S.Ct. at 2336. As such, Petitioner's conviction on Count Three is valid only if attempted murder qualifies as a "crime of violence" under § 924(c)'s force clause. As the Fourth Circuit concluded in Petitioner's appeal, attempted murder qualifies as a crime of violence under § 924(c)'s force clause. Williams, 834 Fed. App'x 6, at *6 (citing Taylor, 979 F.3d at 209). Petitioner's conviction under 18 U.S.C. § 924(c), therefore, is and was

4

valid and Petitioner's claim for ineffective assistance of counsel based on his attorney's alleged, though unsupported, failure to make the contrary argument is without merit. Even if Petitioner could show deficient performance, which the record directly contradicts, Petitioner cannot establish prejudice because there is no "reasonable probability" that the result of the proceeding would have been any different where attempted murder is a crime of violence for § 924(c) purposes, in any event. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

In sum, Petitioner has failed to show that he is entitled to relief under § 2255. The Court will, therefore, deny and dismiss Petitioner's motion to vacate.

## IV. CONCLUSION

Having concluded that Petitioner's claim of ineffective assistance of counsel is without merit, the Court will deny and dismiss Petitioner's motion to vacate under § 2255.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5

Case 3:18-cr-00117-RJC-DCK   Document 100   Filed 06/15/21   Page 5 of 6

**IT IS SO ORDERED**.

Signed: June 15, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge